IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK A. BATTS, #357-101                    *

             Plaintiff            *

      v.                              *    CIVIL ACTION NO. GLR-12-2414

CORRECTIONAL MEDICAL SERVICES,             *
INC.
                                           *
             Defendant
                                          ***

## MEMORANDUM

### I.     PROCEDURAL HISTORY

This 42 U.S.C. § 1983 civil rights Complaint was received for filing on August 14, 2012. ECF No. 1.  Plaintiff, an inmate at the Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland, prays a jury trial and states that while confined at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland in June of 2010, he first sought treatment for a large growth on the back of his head.  He claims that over the next 18 months he filed nine more sick-call slips and was seen by a variety of registered nurses, physician's assistants, and doctors, all of whom are contract employees of Defendant.  Plaintiff alleges that on July 13, 2011, a nurse examined the growth and informed him that it "may or may not be cancerous."  He further contends that on October 13, 2011 and January 19, 2012, it was recommended that he receive a surgical procedure to remove a "sebaceous cyst" and on April 13, 2012, the growth was removed at Bon Secours Hospital ("BSH").  He complains that as a result of Defendant's "deliberate indifference" he suffered and continues to suffer prolonged and extreme pain involving migraine headaches, blurred vision and aches from the growth area.  Id.  He seeks $750,000.00 in compensatory and punitive damages.

II.     PENDING MOTIONS

Currently pending before the Court are Defendant's unopposed[1] Motion to Dismiss or, in the

Alternative, for Summary Judgment and Motion to Seal.  ECF Nos. 12 & 13.  The undersigned has

examined the medical records and declarations submitted by the parties and finds that no hearing is

necessary.  See Local Rule 105.6. (D. Md. 2011).  For reasons to follow, Defendant's pleadings shall

be granted.

III.    STANDARD OF REVIEW

Under revised Fed. R. Civ. P. 56(a):

A party may move for summary judgment, identifying each claim or defense--or the
part of each claim or defense--on which summary judgment is sought.  The court
shall grant summary judgment if the movant shows that there is no genuine dispute
as to any material fact and the movant is entitled to judgment as a matter of law.  The
court should state on the record the reasons for granting or denying the motion.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure

when there is no genuine issue as to any material fact, and the moving party is plainly entitled to

judgment in its favor as a matter of law.  In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249

(1986), the Supreme Court explained that in considering a motion for summary judgment, the

"judge's function is not himself to weigh the evidence and determine the truth of the matter but to

determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if

the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id. at

248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one

side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on

the evidence presented."  Id. at 252.

---

[1] On December 27, 2012, the Clerk mailed Plaintiff a letter notifying him of Defendant's filing
pursuant to the dictates of Roseboro v. Garrison, 528 F.2d. 309 (4th Cir. 1975).  ECF No. 14.  Plaintiff has not
filed an opposition response.

The moving party bears the burden of showing that there is no genuine issue as to any material fact.  No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); see also E.E.O.C. v. Navy Federal Credit Union, 424 F.3d 397, 405 (4th Cir. 2005).  The mere existence of a "scintilla"of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment.  See Anderson, 477 U.S. at 252.

This Court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." Shin v. Shalala, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted).  Indeed, the Court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial.  See Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987)).

IV.    DISCUSSION

1.      Facts

According to Defendant, Plaintiff has been in general good health, but did file a sick-call slip on June 16, 2010, requesting examination of a lump on the back of his head which he claimed had been present for one year.  ECF No. 12, Ex. A.  Defendant states that Plaintiff was examined in response to each of his sick-call slips on July 16, 2010, September 9, 2010, June 7, 2011, July 9, 2011, July 29, 2011, October 6, 2011, October 11, 2011, December 28, 2011, January 13, 2012, February 24, 2012, March 3, 2012, and April 3, 2012.  ECF No. 12, Ex. A at pp. 14, 37, 39, 42, 44-45, 47-52, 55, 79-80, & 84-89.  Throughout these exams the "sebaceous cyst"[2] was initially noted to be hard, painless, and fixed, with no drainage.  Over time, however, mild and intermittent pain was noted and surgery was recommended.  Surgery was initially deferred by the State of Maryland's utilization management company on December 28, 2011, but with medical notations of increased warmth, swelling, redness, and pain to the site, Plaintiff was again referred for a surgery consult and in March 2012, surgery was approved by utilization management.  Id. at pp. 64, 78-80, 84, 86, 88, 91-94, 96, 100, 103, 105, 114, 119-21.  Plaintiff received a pre-op consultation on April 3, 2012, the cyst was surgically removed at BSH on April 13, 2012, and the site was monitored and cleaned following the surgical procedure.  Id. at pp. 55-56, 123-32, 140.

2.      Legal Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment.  Gregg v. Georgia, 428 U.S. 153, 173 (1976).  "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment."  De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003) (citing

---

[2] A sebaceous cyst is a dermatological condition characterized by a closed sac under the skin filled with a cheese-like or oily material.  ECF No. 12 at Ex. B.  Generally, conservative treatment is to be provided unless the cyst becomes infected, at which time surgical intervention may be necessary.

Wilson v. Seiter, 501 U.S. 294, 297 (1991)).  In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available.  See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

As noted above, objectively, the medical condition at issue must be serious.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care).  Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition.  Farmer, 511 U.S. at 839– 40.  "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."  Rich v. Bruce, 129 F.3d 336, 340 n. 2 (4th Cir. 1997).  "Actual knowledge or awareness on the part of the alleged inflicter…becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'"  Brice v. Virginia Beach Correctional Center, 58 F.3d 101, 105 (4th Cir. 1995) (quoting Farmer, 511 U.S. at 844).  If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted."  Farmer, 511 U.S. at 844.  Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time.  Brown, 240 F.3d at 390 (citing Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken)).

"[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." Johnson v. Quinones, 145 F.3d 164, 166 (4th Cir. 1998).  Without evidence that a doctor linked presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge required for Eighth Amendment liability is not present.  Id. at 169 (actions inconsistent with an effort to hide a serious medical condition refute presence of doctor's subjective knowledge).

Defendant's Motion shall be granted.  Although not argued by Defendant, to the extent the Complaint names Correctional Medical Services ("CMS") in the alleged denial of medical care solely upon vicarious liability, the law in this circuit is clear.  The doctrine of *respondeat superior* does not apply to 42 U.S.C. § 1983 claims.  See Austin v. Paramount Parks, Inc., 195 F.3d 715, 727-28 (4th Cir. 1999); Powell v. Shopco Laurel Co., 678 F.2d 504, 506 (4th Cir. 1982).

Further, Plaintiff has failed to meet the objective and subjective standard for proving an Eighth Amendment claim.  Sebaceous cysts are not dangerous and can usually be ignored.  See www.ncbi.nlm.nih.gov.  There is no showing that Plaintiff's cyst constituted a serious medical condition or that medical personnel knowingly delayed treatment for a risky ailment.  The record shows that Plaintiff received evaluation and treatment for his head cyst including, but not limited to, surgical removal of the growth at BSH.  Further, there is no dispute that Plaintiff's condition was monitored.  Finally, although the record shows that Plaintiff did not receive the surgery as promptly as he would like, the recommendation for surgery was initially denied by the utilization management team until such time as Plaintiff's cyst became infected.  In due course the cyst was then removed.  Such a disagreement with the course of treatment does not constitute an Eighth Amendment deprivation and would set out, at best, a claim of medical negligence which is not actionable under 42 U.S.C. § 1983.

V.      CONCLUSION

For the aforementioned reasons, the Court finds no Eighth Amendment violations.

Defendants' Motions shall be granted.[3]   A separate Order follows.


January 17, 2013                                                      /s/

                                                  _____
                                                  George L. Russell, III
                                                  United States District Judge

---

[3] Defendant requests that the dispositive motion be sealed as an exhibit to the Motion contains medical records of a personal nature that should be "shielded" by the Court.  ECF No. 13.  The Motion shall be granted.